IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ANAND PRINTING MACHINERY, INC., | § § | |
| *Plaintiff*, | § § | |
| v. | § § § | CAUSE No. 4:20-CV-01249 |
| ROBERT ALEXANDER, JOHN McBRIAN, EQUUS FERRUM, INC., and IRONHORSE RECOVERY, LLC, | § § § § | |
| *Defendants*. | § § | |

**DEFENDANT IRONHORSE RECOVERY, LLC'S
MOTION TO VACATE ENTRY OF DEFAULT AND
MOTION TO DISMISS FOR INSUFFICIENT SERVICE OF PROCESS**

Plaintiff Anand Printing Machinery, Inc., obtained entry of default against Defendant Ironhorse Recovery, LLC ("Ironhorse"), despite that Ironhorse has never been served with process. The Court's Entry of Default (Dkt. # 30) should be vacated and all claims against Ironhorse dismissed due to insufficient service of process under Rule 12(b)(5).

**I.     Factual Background**

In relevant part, this case involves claims that Plaintiff tendered money to Ironhorse in 2013 for products Plaintiff purchased from Defendant Alexander but allegedly never received. (*See* Compl. (Dkt. # 1) ¶¶ 20–24.)

Plaintiff claims that it served Ironhorse on August 17, 2020, by delivering to the Texas Secretary of State a summons, Plaintiff's Complaint, and the Court's April 9, 2020, Order Scheduling the Rule 16 Conference. (*See* Aff. in Support of Mot. for Default Judgment (Dkt. # 29-1) ¶ 2(a).) The Secretary of State purported to serve the documents on Ironhorse via certified mail to an address in Montgomery, Texas:

> I, the undersigned, as Secretary of State of the State of Texas, DO HEREBY CERTIFY that according to the records of this office, a copy of the Summons and Complaint and Order Scheduling the Rule 16 Conference with the Court and Setting Out the Courts Requirements for Initial Pretrial Work in the cause styled:
>
> Anand Printing Machinery, Inc. vs Rob Alexander, et al
> United States District Court for the Southern District of Texas
> Cause No: 420CV01249
>
> was received by this office on April 17, 2020, and that a copy was forwarded on May 5, 2020, by CERTIFIED MAIL, return receipt requested to:
>
> Ironhorse Recovery LLC
> c/o John McBrian, President
> 244 Dawns Edge
> Montgomery, TX 77356
>
> As of this date, no response has been received in this office.

(*Id.*, at Exh. A.)

John McBrian does not live or work at 244 Dawns Edge in Montgomery, Texas. (*See* Exh. A: Decl. of J. McBrian.) Indeed, the address does not appear to exist:



Despite that, Mr. McBrian has appeared in this matter through counsel, and rather than contacting Mr. McBrian's counsel to inquire about Ironhorse's supposed failure to answer, Plaintiff filed a Motion for Entry of Default. Mr. McBrian's objection that he was never served was ignored. (*See* Exh. B: Email Communication (Aug. 6, 2020).) On August 25, 2020, prior to the 21-day deadline for Ironhorse to submit a response to Plaintiff's motion, a default was entered. L.R. 7.3.

## II.     Standard of Law

### A.     Default Judgment

"Defaults are 'generally disfavored.'" *Harvest Nat. Res., Inc. v. Carreno*, No. H-18-483, 2020 U.S. Dist. LEXIS 100772, at *7 (S.D. Tex. June 9, 2020) (quoting *Koerner v. CMR Constr. & Roofing, LLLC*, 910 F.3d 221, 225 (5th Cir. 2018)). "The Fifth Circuit favors 'resolving cases on their merits.'" *Id.* (quoting *Sindhi v. Raina*, 905 F.3d 327, 331 (5th Cir. 2018) (citation omitted)).

Federal Rule of Civil Procedure 55(c) "allows courts to set aside default judgments under Rule 60(b)." *Id.*, at **7–8. "Rule 60(b), in turn, allows the trial court to 'correct obvious errors or injustices.'" *Sontay v. Hin's Garden*, No. H-13-3721, 2014 U.S. Dist. LEXIS 165935, at *2 (S.D. Tex. Nov. 26, 2014) (quoting *Fackelman v. Bell*, 564 F.2d 734, 736 (5th Cir. 1977)).

"In determining whether there is good cause to set aside a default judgment under Rule 60(b)(1), district courts consider: (1) 'whether the defendant willfully defaulted'; (2) 'whether a meritorious defense is presented'; and (3) 'whether setting aside the default judgment would prejudice the plaintiff.'" *Id.*, at *8 (quoting *Scott v. Carpanzano*, 556 F. App'x 288, 293 (5th Cir. 2014)). "A plaintiff has not suffered prejudice when setting a default judgment aside does 'no harm to [the] plaintiff except to require it to prove its case.'" *Id.*, at **9–10 (quoting *Lacy*, 227 F.3d at 293. "To show prejudice, the plaintiff must demonstrate that setting the judgment aside

3

will result in 'loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion.'" *Id.*, at *10 (quoting *Scott*, 556 F. App'x at 298. "Courts may also consider whether the public interest was implicated, whether there was significant financial loss to the defendant, and whether the defendant acted expeditiously to correct the default." *Jenkens & Gilcrest v. Groia & Co.*, 542 F.3d 114, 119 (5th Cir. 2008).

"Unless it appears that no injustice results from the default, relief should be granted." *In re OCA, Inc.*, 551 F.3d 359, 370-71 (5th Cir. 2008). "In light of the general disfavor of default judgments, 'where there are no intervening equities any doubt should, as a general proposition, be resolved in favor of the movant to the end of securing a trial upon the merits.;" *Harvest Natural Res.*, 2020 U.S. Dist. LEXIS 100772, at **8–9 (quoting *Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000)).

**B.  Service of Process**

Federal courts cannot exercise jurisdiction over an improperly served defendant. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999). Accordingly, Federal Rule of Civil Procedure 12(b)(5) authorizes dismissal of an action for insufficient service of process. Where service of process has been challenged, the plaintiff bears the burden of establishing that service was valid. *Sys. Signs Supplies v. U.S. Dep't of Justice*, 903 F.2d 1011, 1013 (5th Cir. 1990).

Federal Rule of Civil Procedure 4(h)(1) provides that a corporation in the United States must be served:

> (A)   in the manner prescribed by Rule 4(e)(1) for serving an individual; [or]
>
> (B)   by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one

4

authorized by statute and the statute so requires—by also mailing a copy of each to the defendant . . . .

Rule 4(e)(1) provides for service an individual by:

    (1)    following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or

    (2)    doing any of the following:

        (A)    delivering a copy of the summons and of the complaint to the individual personally;

        (B)    leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or

        (C)    delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Texas law requires that summons be personally served on a defendant in person or by mail. TEX. R. CIV. P. 106(a). Where the person to be served is an entity organized under Texas law, service may be made through the Texas Secretary of State if:

    (A)    the entity fails to appoint or does not maintain a registered agent in this state; or

    (B)    the registered agent of the entity cannot with reasonable diligence be found at the registered office of the entity . . . .

TEX. BUS. ORG. CODE § 5.251(1).

**III.**    **<u>Argument</u>**

    **A.**    **Good Cause Exists to Vacate Entry of Default.**

Ironhorse can easily establish each of the "good cause" prongs to set aside Entry of Default. *First*, Ironhorse did not willfully default. On the contrary, Ironhorse has never been served with process in this matter. (*See* Exh. A: McBrian Decl.)

5

*Second*, Ironhorse has a meritorious defense to Plaintiff's claims.  Plaintiff brought suit on April 8, 2020.  All claims against Ironhorse stem from an alleged failed business transaction in 2013.  (*See* Compl. ¶¶ 20–24 (alleging that Ironhorse failed to deliver products after receiving payment in "November" 2013.)  Plaintiff asserts claims under the Texas Theft Liability Act, TEX. CIV. PRAC. & REM. CODE § 134.001 *et seq.*, and for conversion.  The statute of limitations for each of these claims is two years.  *W. Power, Inc. v. Transam. Power Prods.*, 316 F. Supp. 3d 979, 987 (S.D. Tex. 2018) (citing *Wells Fargo Bank Nw., N.A. v. RPK Capital XVI, LLC*, 360 S.W.3d 691, 699 (Tex. App.—Dallas 2012, no pet.)); *Alpert v. Riley*, No. H-04-3774, 2011 U.S. Dist. LEXIS 12004, at **15–16 (S.D. Tex. Feb. 8, 2011); *J&J Sports Prods. V. JWJ Mgmt., Inc.*, 324 S.W.3d 823, 832 (Tex. App.—Fort Worth 2010, no pet.); *see also* TEX. CIV. PRAC. & REM. CODE § 16.003(a).  Plaintiff's claims against Ironhorse accrued no later than November 2015—two years after the alleged payments were made and, by Plaintiff's admission, triggered Ironhorse's supposed obligation to tender the purchased products.  (*See* Compl. ¶ 24.)

*Third*, setting aside the default judgment would not prejudice Plaintiff.  There is no indication that vacating the entry of default mere days after it was entered would cause a loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion.  On the contrary, the same claims asserted by Plaintiff against Ironhorse are asserted against Defendant Robert Alexander.  Litigation of those claims has continued unabated by Plaintiff's request for default.

Having failed to serve Ironhorse, default in Plaintiff's favor is inappropriate.  All factors weigh strongly in favor of vacating the Entry of Default and permitting this matter to proceed to judgment on the merits.

### B. All Claims against Ironhorse Must be Dismissed Due to Plaintiff's Failure to Effect Proper Service.

There is no question that Plaintiff has failed to serve Ironhorse. The Summons and Complaint were not served personally on or mailed to "an officer, a managing or general agent, or any other agent authorized" to receive service of process for Ironhorse. (*See* Exh. A: McBrian Decl.) They were not left at such person's "dwelling or usual place of abode." (*Id.*) Instead, the papers were apparently mailed to a non-existent address. It is unknown where they were delivered. In the absence of service, the claims against Ironhorse must be dismissed. *Junction Pipeline Co., LLC v. Plains All Am. Pipeline, LP*, No. H-18-3347, 2019 U.S. Dist. LEXIS 17617, at *20 (S.D. Tex. Feb. 4, 2019) ("Without either proper service of process or waiver of that service, a federal court cannot exercise personal jurisdiction over the defendant." (citations omitted)).

## IV. Conclusion.

Despite the ease of inquiry available to it, Plaintiff chose to pursue a default judgment against a party it has not served. Good cause exists to vacate the Entry of Default. Because of Plaintiff's failure to properly serve this suit on Ironhorse, all claims against it must be dismissed. Ironhorse's Motion to Vacate and Motion to Dismiss should be granted.

//

//

//

Respectfully submitted,

**LANG & ASSOCIATES, PLLC**

*/s/ Shannon A. Lang*
Shannon A. Lang
Texas Bar No. 24070103
Fed ID No. 1103165
shannon.lang@shannonlanglaw.com
Jessica Hughes
Texas Bar No. 24076451
Fed ID No. 3315050
jessica.hughes@shannonlanglaw.com
1720 Dunlavy Street
Houston, Texas  77006
(832) 479-9400 tel.
(832) 479-9421 fax

***Attorneys for Defendants John McBrian**,
**Equus Ferrum, Inc.**, and **Ironhorse Recovery, LLC***