United States District Court
Southern District of Texas
**ENTERED**
October 23, 2020
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ANAND PRINTING MACH. INC., § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. H-20-1249 |
| § | |
| ROBERT ALEXANDER, JOHN MCBRIAN, § | |
| EQUUS FERRUM INC., and IRONHORSE § | |
| RECOVERY LLC, § | |
| § | |
| Defendants. § | |

## MEMORANDUM AND ORDER

Anand Printing Machinery Inc. alleges that Robert Alexander offered to sell it used printing equipment in 2013 and 2019 and that, after Anand Printing sent payments to John McBrian, Equus Ferum Inc., and Ironhorse Recovery LLC, the equipment was not delivered. Anand Printing also alleges that the defendants kept its payments. Anand Printing sues for conversion and theft under the Texas Theft Liability Act, Chapter 134 of the Texas Civil Practice and Remedies Code.

Anand Printing sought entry of default against Ironhorse, which the court granted, and moved for default judgment. (Docket Entry No. 29, 30, 35). Ironhorse moved to vacate the entry of default and to dismiss for insufficient service of process. (Docket Entry No. 35). There is a sufficient basis to vacate the entry of default. Service on Ironhorse was initially based on an incorrect address, and Ironhorse has now appeared in the litigation. The court finds good cause to set aside the default. *See* FED. R. CIV. P. 55(c). It is unclear if Ironhorse has been properly served by summons directed to the proper address. Anand Printing has 30 days, or until **November 22, 2020**, to file proof of proper service on Ironhorse. The court denies Ironhorse's motion to dismiss and Anand Printing's motion for default judgment as moot.

Anand Printing has moved for leave to amend the complaint. (Docket Entry No. 31). Motions for leave to amend are liberally granted, particularly early in the litigation. *See* FED R. CIV. P. 15(a)(2) ("The court should freely give leave when justice so requires"). The court considers factors such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . ., and futility of the amendment." *Schiller v. Physicians Res. Grp. Inc.,* 342 F.3d 563, 566 (5th Cir. 2003); *see also Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993) ("Whether leave to amend should be granted is entrusted to the sound discretion of the district court."). The motion for leave to amend is granted.

Robert Alexander, representing himself, filed a declaration and a request for the court to consider "the disputed facts evidence." (Docket Entry No. 36, 40). He raises the statute of limitations with respect to the 2013 transaction and denies any involvement in, or liability for, the amounts sought. To the extent that Alexander is seeking summary judgment, his motion is denied without prejudice as insufficiently based in record evidence. He may reurge his arguments in a later motion with record evidence.

The pleadings raise a concern that the 2013 transactions are time-barred. After Ironhorse is properly served and has answered, the statute of limitations issue must be promptly addressed.

This case is set for docket call on **April 23, 2021**, at 8:30 a.m., in Courtroom 11-B. Each party must notify every other party, even if it appears that the court has done so.

SIGNED on October 23, 2020, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge

2